```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------X

FRANK BELLEZZA,

                    Plaintiff,              09 Civ. 8434

     -against-                               OPINION

D. HOLLAND; L. CLARK; S. KATZ;
R.J. CUNNINGHAM; B. FISCHER,

                    Defendants.

------------------------------------X

A P P E A R A N C E S:

          Pro Se

          FRANK BELLEZZA
          DIN # 97-A-4585
          Orleans Correctional Facility
          3531 Gaines Basin Road
          Albion, NY   14411

          Attorney for Defendants

          ANDREW M. CUOMO
          Attorney General of the State of N.Y.
          120 Broadway, 24th Floor
          New York, NY   10271
          By:  Kevin R. Harkins, Esq.
               Assistant Attorney General
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 7/30/10

**Sweet, D.J.**

Defendants D. Holland ("Holland"), L. Clark ("Clark"), S. Katz ("Katz"), R.J. Cunningham ("Cunningham") and B. Fischer ("Fischer") (collectively, the "Defendants") have moved pursuant to Federal Rules of Civil Procedure 12(b)(6) to dismiss the complaint of plaintiff Frank Bellezza ("Bellezza" or the "Plaintiff") alleging a violation of 42 U.S.C. § 1983. Upon the conclusions set forth below, the motion is granted and the complaint dismissed with costs.

The issue presented appears to be the legal consequences resulting from the alleged confiscation by Holland and Clark of a check for $55.98 contained in mail addressed to Plaintiff, an inmate at the Orleans Correctional Facility, in connection with a class action settlement (the "Settlement Check").

**Prior Proceedings**

The complaint in this action was filed by Plaintiff pro se on October 5, 2009. It alleged that Holland and Clark, in concert with the remaining

1

Defendants, withheld "bona-fide legal documents" pursuant to a policy "instituted and enforced" by Holland, whereby Plaintiff "is and shall be subjected to disciplinary action" if he participates in any civil litigation and "is required to prove any allegations raised in legal claims to an unspecified burden of proof set arbitrarily by Holland." (Compl. ¶ 15.)  Specifically, Plaintiff alleged that Clark opened mail addressed to Plaintiff on April 15, 2009 and withheld the Settlement Check contained in the mailing, with the knowledge and consent of the remaining Defendants. (Id. ¶¶ 16, 17, 20.)  Further, Plaintiff alleged that he was never issued a receipt for the Settlement Check following its confiscation.  (Id. ¶ 18.)

Plaintiff also alleges that on April 21, 2009, as a result of having received the Settlement Check, he was issued an Inmate Misbehavior Report ("IMR") by Holland, charging him with 103.20 Solicitation, 111.10 Impersonation, 180.11 "Correspondence Rule Violation," 107.20 Lying, and 180.17 "Unauthorized Legal Assistance." (Id. ¶ 21.)  He was found guilty of the charges and on appeal his penalty was modified, but not vacated. (Id. at ¶ 25.)  Finally, the complaint alleges that Plaintiff is precluded from participating in future, unspecified class-

2

action litigations because he could "reasonable expect[] to be subjected to disciplinary action" if he did so. (Id. at ¶ 28.)

On February 19, 2010, Defendants moved to dismiss the complaint. The instant motion was marked fully submitted on April 14, 2010.

**The 12(b)(6) Standard**

In considering a motion to dismiss pursuant to Rule 12(b)(6), the Court construes the complaint liberally, "accepting all factual allegations in the complaint as true, and drawing all reasonable inferences in the plaintiff's favor." Chambers v. Time Warner, Inc., 282 F.3d 147, 152 (2d Cir. 2002) (citing Gregory v. Daly, 243 F.3d 687, 691 (2d Cir. 2001)). Though the court must accept the factual allegations of a complaint as true, it is "not bound to accept as true a legal conclusion couched as a factual allegation." Ashcroft v. Iqbal, --- U.S. ---, 129 S.Ct. 1937, 1949 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). The issue "is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the

3

claims." Villager Pond, Inc. v. Town of Darien, 56 F.3d 375, 378 (2d Cir. 1995) (quoting Scheuer v. Rhodes, 416 U.S. 232, 235-36 (1974)).  In other words, the court's function on a motion to dismiss "is merely to assess the legal feasibility of the complaint, not to assay the weight of the evidence which might be offered in support thereof." Eternity Global Master Fund Ltd. v. Morgan Guar. Trust Co. of N.Y., 375 F.3d 168, 176 (2d Cir. 2004) (internal quotation omitted).  To survive dismissal, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal, 129 S.Ct. at 1949 (quoting Twombly, 550 U.S. at 570).  In other words, Plaintiff must allege sufficient facts to "nudge[] their claims across the line from conceivable to plausible." Twombly, 550 U.S. at 570.

In addressing the present motion, the Court is mindful that Bellezza is proceeding pro se.  "Since most pro se plaintiffs lack familiarity with the formalities of pleading requirements, [courts] must construe pro se complaints liberally, applying a more flexible standard to evaluate their sufficiency than [they] would when reviewing a complaint submitted by counsel." Lerman v. Bd. of Elections in City of N.Y., 232 F.3d 135, 139-40 (2d Cir.

4

2000). However, "pro se status 'does not exempt a party from compliance with relevant rules of procedural and substantive law.'" Triestman v. Fed. Bureau of Prisons, 470 F.3d 471, 477 (2d Cir. 2006) (quoting Traguth v. Zuck, 710 F.2d 90, 95 (2d Cir. 1983)).

**Denial of Access to the Courts by Interference with Legal Mail has not Been Adequately Alleged**

Prisoners have a First Amendment right of meaningful access to the courts, which requires state prisons "to give prisoners a reasonably adequate opportunity to present claimed violations of fundamental constitutional rights to the courts." Bounds v. Smith, 430 U.S. 817, 825 (1977). This right gives rise to a number of derivative rights, including the right to receive legal mail without interference. Collins v. Goord, 581 F. Supp. 2d 563, 573 (S.D.N.Y. 2008); Davis v. Goord, 320 F.3d 346, 351 (2d Cir. 2003) ("Interference with legal mail implicates a prison inmate's rights to access to the courts and free speech as guaranteed by the First and Fourteenth Amendments to the U.S. Constitution.").

To establish a constitutional violation based on denial of access to the courts, "a plaintiff must show that the defendant's conduct was deliberate and malicious, and that the defendant's actions resulted in an actual injury to the plaintiff." Collins, 581 F. Supp. 2d at 573 (citing Davis, 320 F.3d at 351). "Unlike prisoners who bring a claim for the violation of a constitutionally protected right, who have standing to assert that right even if the denial of the right did not cause an 'actual injury,' prisoners who bring a claim for the violation of a derivative right of access to the courts must demonstrate 'actual injury' in order to have standing." Id. (quoting Benjamin v. Fraser, 264 F.3d 175, 185 (2d Cir. 2001)). Requiring an allegation of actual injury "ensures that courts provide relief to claimants only when they have suffered or will imminently suffer actual harm and prevents courts from undertaking tasks assigned to the other political branches." Id. (citing Lewis v. Casey, 518 U.S. 343, 349 (1996)). Thus, to state a claim for denial of access to the courts due to interference with legal mail a plaintiff must allege that "the defendant's conduct frustrated the plaintiff's efforts to pursue a nonfrivolous claim." Id. (citing Lewis, 518 U.S. at 353).

Here, the only injury Plaintiff has alleged is the loss of $55.78, which is de minimis and does not constitute the frustration of Plaintiff's efforts to pursue a nonfrivolous claim, and therefore fails to satisfy the actual injury requirement.

Plaintiff has alleged that Holland has instituted a policy whereby "Plaintiff is and shall continue to be subjected to disciplinary action if Plaintiff takes part in civil litigation, corresponds with court appointed settlement administrators, or receives court approved settlement funds, unless Plaintiff receives permission from the Superintendent to undertake the legal action or receive any settlement funds." (Compl. ¶ 15.) Rather than alleging how the Defendants' actions hindered his ability to pursue a nonfrivolous legal claim, Plaintiff has stated in conclusory fashion that he is now unable to participate in unspecified and speculative future class-action litigations. (Id. ¶ 30.) The only harm alleged by Plaintiff is the alleged confiscation of the Settlement Check.

Plaintiff has not alleged any injury and accordingly does not have standing to bring a claim for

7

denial of access to the courts via interference with legal mail. See, e.g., Amaker v. Goord, No. 98 Civ. 3634, 2002 WL 523371, at *11-12 (S.D.N.Y. Mar. 29, 2002) (dismissing denial of access to the courts claim because inmate suffered no actual injury and therefore lacked standing); Amaker v. Haponik, No. 98 Civ. 2663, 2002 WL 523385, at *8 (S.D.N.Y. Mar. 29, 2002) (same). His claims are therefore dismissed.

### A First Amendment Violation by the Denial of the Free Flow of Mail has not Been Adequately Alleged

"In addition to the right of access to the courts, a prisoner's right to the free flow of incoming and outgoing mail is protected by the First Amendment." Davis, 320 F.3d at 351. A prisoner's mail may only be restricted to further "one or more of the substantial governmental interests of security, order, and rehabilitation" and the restriction "must be no greater than is necessary or essential to the protection of the particular governmental interest involved." Id. (citing Washington v. James, 782 F.2d 1134, 1139 (2d Cir. 1986)). When balancing the competing interests implicated by restricting prison mail, "courts have consistently afforded greater protection to

8

legal mail than to non-legal mail, as well as greater protection to outgoing mail than to incoming mail." Id. (citing Thornburgh v. Abbott, 490 U.S. 401, 413 (1989)).

A prisoner has a right to be present when his legal mail is opened, but "an isolated incident of mail tampering is usually insufficient to establish a constitutional violation." Id. Rather, an inmate must show that prison officials "regularly and unjustifiably interfered with the incoming legal mail." Id. The Second Circuit has written that "as few as two incidents of mail tampering could constitute an actionable violation (1) if the incidents suggested an ongoing practice of censorship unjustified by a substantial governmental interest, or (2) if the tampering unjustifiably chilled the prisoner's right of access to the courts or impaired the legal representation received." Id. (quoting Washington, 782 F.2d at 1139).

The only incident about which Plaintiff has alleged specific facts regarding his mail is the alleged withholding of the Settlement Check by Clark. (Compl. ¶ 20.) "It is well established that a complaint alleging a single incident of opening an inmate's legal mail fails to

9

state a claim unless plaintiff demonstrates harm as a result of the unauthorized opening." Johnson v. Morton, No. CV 95 949, 1996 WL 518078, at *1 (E.D.N.Y. Aug. 26, 1996) (citing Morgan v. Montanye, 516 F.2d 1367, 1370-71 (2d Cir. 1975)); see Davis, 320 F.3d at 351. "Courts have consistently applied Morgan to dismiss suits by inmates alleging unconstitutional opening of their legal mail without any showing of damages." Johnson, 1996 WL 518078, at *2 (citing cases). In the instant case, the only injury Plaintiff has alleged is the withholding of the Settlement Check, which is de minimis, and Plaintiff has therefore failed to state a claim.

Additionally, Plaintiff has not adequately pleaded that Defendants engaged in an ongoing practice of censorship unjustified by a substantial government interest or that the alleged tampering unjustifiably chilled his right of access to the courts.

Bellezza has alleged that he is precluded from participating in future unspecified and speculative class-action litigations because he could "reasonably expect[] to be subjected to disciplinary action" if he were to do so. (Compl. ¶ 28.) This is insufficient to state an actual

10

injury. See Collins, 581 F. Supp. 2d at 563 ("To show actual injury, the plaintiff must demonstrate that the defendant's conduct frustrated the plaintiff's efforts to pursue a nonfrivolous claim."). Accordingly, Plaintiff's claim is dismissed.

**A Claim for Deprivation of Property Is Precluded**

Plaintiff has alleged that Clark withheld the Settlement Check with the knowledge and consent of the remaining Defendants and that he was never issued a receipt following its confiscation. (Compl. ¶¶ 18, 20.) However, the Federal Constitution does not extend to state property claims. Moreover, the State of New York provides an adequate remedy through the Court of Claims, which Plaintiff has failed to utilize.

"[A] claim for deprivation of property cannot be brought in federal court if the relevant state court provides an adequate remedy for the deprivation of that property." Key v. Tanoury, No. 05 Civ. 10461, 2006 WL 3208548, at *2 (S.D.N.Y. Nov. 3, 2006) (citing Hudson v. Palmer, 468 U.S. 517, 533 (1984)). "New York State provides such a remedy in Section 9 of the New York Court

of Claims Act, which permits an inmate . . . to pursue his claim for deprivation of property against the State in the Court of Claims." Id. As a result, Plaintiff has "not been deprived of property without due process of law and therefore cannot state a claim for relief pursuant to 42 U.S.C. § 1983." Id. The fact that Plaintiff failed to avail himself of the state court proceedings does not change the outcome. See, e.g., Troy v. Kuhlmann, No. 96 Civ. 7190, 1999 WL 825622, at *5 n.5 (S.D.N.Y. Oct. 15, 1999) ("[Plaintiff's] failure to avail himself of the state procedures does not convert his cause of action into a constitutional due process claim."). Accordingly, because the State of New York provides an adequate post-deprivation remedy, Plaintiff's claim against Clark for deprivation of property is dismissed.

**The Claims Against Katz, Cunningham and Fischer Are Dismissed for Failure to Allege Their Personal Involvement**

Section 1983 provides that "every person who, under color of [law], subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party

12

injured . . . ." 42 U.S.C. § 1983. To state a claim under § 1983, Plaintiff must show that "while acting under color of state law, Defendants deprived him of his federal constitutional or statutory rights." Greene v. Mazzuca, 485 F. Supp. 2d 447, 450 (S.D.N.Y. 2007). It is also well settled in this Circuit that "'personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983.'" Wright v. Smith, 21 F.3d 496, 501 (2d Cir. 1994) (quoting Moffitt v. Town of Brookfield, 950 F.2d 880, 885 (2d Cir. 1991)).

In the Second Circuit, a supervisory defendant may have personal involvement in a § 1983 violation if

> (1) the defendant participated directly in the alleged constitutional violation, (2) the defendant, after being informed of the violation through a report or appeal, failed to remedy the wrong, (3) the defendant created a policy or custom under which unconstitutional practices occurred, or allowed the continuance of such a policy or custom, (4) the defendant was grossly negligent in supervising subordinates who committed the wrongful acts, or (5) the defendant exhibited deliberate indifference to the rights of inmates by failing to act on information indicating that unconstitutional acts were occurring.

Colon v. Coughlin, 58 F.3d 865, 873 (2d Cir. 1995).[1] Pleading that a defendant was a high-ranking official in the New York Department of Correctional Services is insufficient to establish personal involvement. See Ayers v. Coughlin, 780 F.2d 205, 210 (2d Cir. 1985) (to hold a prison official liable under § 1983 "requires a showing of more than the linkage in the prison chain of command"); Sash v. United States, 674 F. Supp. 2d 531, 543 (S.D.N.Y. 2009) (holding that "[i]t is not enough to show that a defendant 'ultimately supervised those who allegedly violated plaintiff's Constitutional rights.'" (quoting Mallard v. Menifee, No. 99 Civ. 0923, 2000 WL 557262, at *3 (S.D.N.Y. May 8, 2000)).

Here, Plaintiff has alleged that Katz, Cunningham and Fischer condoned Clark's alleged confiscation of the Settlement Check. (See Compl. ¶ 20.) These conclusory

---

[1] It is unclear which Colon categories remain after Iqbal. Compare Bellamy v. Mount Vernon Hosp., No. 07 Civ. 1801, 2009 WL 1835939, at *6 (S.D.N.Y. June 26, 2009) ("Only the first and part of the third Colon categories pass Iqbal's muster . . . . The other Colon categories impose the exact types of supervisory liability that Iqbal eliminated."), with D'Olimpio v. Crisafi, Nos. 09 Civ. 7283, 09 Civ. 9952, 2010 WL 2428128, at *4-*5 (S.D.N.Y. June 15, 2010) ("[T]he five Colon categories for personal liability of supervisors may still apply as long as they are consistent with the requirements applicable to the particular constitutional provision alleged to have been violated."). Regardless, Plaintiff has failed to establish the personal involvement of Katz, Cunningham and Fischer even under the broader Colon approach.

14

allegations do not constitute personal involvement and are therefore insufficient to bring a § 1983 claim.

Additionally, Plaintiff has alleged that Fischer denied his administrative appeal and affirmed the penalty stemming from the April 21, 2009 IMR.  (See Compl. ¶ 25.) Fischer's alleged denial of Plaintiff's administrative appeal, without personal involvement in the administrative proceedings, is not enough to maintain a § 1983 claim.  See Joyner v. Greiner, 195 F. Supp. 2d 500, 506 (S.D.N.Y. 2002) ("The fact that [defendant] affirmed the denial of plaintiff's grievance – which is all that is alleged against him – is insufficient to establish personal involvement.").  Plaintiff's claims against Katz, Cunningham and Fischer are therefore dismissed for failure to allege their personal involvement.

**Conclusion**

Upon the conclusions set forth above, Defendants' motion is granted and the complaint is dismissed with costs. Plaintiff is granted leave to replead within forty days.

It is so ordered.

**New York, NY**
**July 27 2010**

_____
ROBERT W. SWEET
U.S.D.J.

16